# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD MCLEAN,** | : | **CIVIL NO. 1:19-CV-81** |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **LAUREL HARRY**, *et al.*, | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Donald McLean ("McLean") is a former inmate who was housed at all relevant times at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill").[1] McLean commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 2). Named as defendants are superintendent Laurel Harry, unit manager Ian Taggart, and sergeant Eric Swope. (Id.) Before the court is defendants' motion

---

[1] McLean has been released from custody and is no longer incarcerated. (See Doc. 20; see also https://vinelink.com/#/search).

(Doc. 16) to dismiss pursuant to Federal Rule of Civil Procedure 12(b).[2]  For the reasons set forth below, the court will grant the motion.

I. **<u>Legal Standard</u>**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  FED. R. CIV. P. 56(a).  The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  <u>Pappas v. City of Lebanon</u>, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor."  <u>Thomas v. Cumberland County</u>, 749 F.3d 217, 222 (3d Cir. 2014).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-57 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-89

---

[2] Because defendants rely on documents outside the pleadings to support their argument regarding exhaustion of administrative remedies, the court will address this argument under the summary judgment standard.  By order dated January 8, 2020, we placed the parties on notice that the court may consider exhaustion in its role as fact finder under <u>Small v. Camden County</u>, 728 F.3d 265 (3d Cir. 2013), and that the exhaustion argument in this case will be analyzed under the rubric of summary judgment.  (Doc. 23) (citing <u>Paladino v. Newsome</u>, 885 F.3d 203 (3d Cir. 2018)).  The order also afforded the parties the opportunity to supplement the record with any additional evidence relevant to exhaustion of administrative remedies.  (<u>Id.</u>)

2

(1986). Only if this threshold is met may the cause of action proceed. See <u>Pappas</u>, 331 F. Supp. 2d at 315.

## II. **Allegations of the Complaint**

McLean alleges that, on December 3, 2018, he was exposed to "scalding hot shower water" at SCI-Camp Hill and suffered injuries. (Doc. 2, at 7). Specifically, McLean alleges that he slipped and fell after being exposed to the hot shower water, he experienced pain in his back and neck, and was burned on several areas of his body. (<u>Id.</u>) He further asserts that he did not receive medical care until December 5, 2018. (<u>Id.</u>)

## III. **Discussion**

Defendants argue that McLean failed to properly exhaust his administrative remedies prior to filing the instant action. (Doc. 18). Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); <u>Booth v. Churner</u>, 206 F.3d 289, 291 (3d Cir. 2000). Section 1997e(a) establishes the requirement of administrative exhaustion:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

3

whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis, 204 F.3d at 73 (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp.2d 884, 894-95 (S.D.N.Y. 1998)).

To exhaust administrative remedies an inmate must comply with all applicable grievance procedures and rules. Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. Spruill, 372 F.3d at 227-32; see also Nyhuis, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).

The Department of Corrections ("DOC") has an Inmate Grievance System, set forth in DC-ADM 804, which permits any inmate to seek review of problems that may arise during the course of confinement. See 37 PA. CODE § 93.9(a); PA. DEP'T OF CORR., No. DC-ADM 804. After an attempt to resolve any problems informally, an inmate may submit a written grievance to the Facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which

4

the claims are based. Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals. An appeal to final review cannot be completed unless an inmate complies with all established procedures. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue. See Booth, 206 F.3d at 293 n. 2 (outlining Pennsylvania's grievance review process); Ingram v. SCI Camp Hill, 448 F. App'x 275, 279 (3d Cir. 2011) (same).

On December 3, 2018, McLean filed grievance number 774758 concerning the purported burns he received from the hot shower water. (Doc. 2 at 17). McLean filed the instant federal action on December 10, 2018. (Doc. 2). On the complaint form, McClean was asked: "What was the result, if any," of his grievance. (Id. at 9). McClean responded: "They did not give me medical attention. The Unit Manager . . . told me on 12-7-18 that my grievance is the reason they shut C-block down and moved us." (Id.) The complaint also asked: "What steps, if any, did you take to appeal t[he] decision" on your grievance? (Id.) In response, McClean stated: "N/A." (Id.)

The PLRA mandates that inmates properly exhaust their administrative remedies before filing suit in federal court, a requirement which demands compliance with an agency's deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). It is well-settled that administrative remedies must be

5

exhausted *prior* to the initiation of suit. See Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust all available administrative remedies prior to filing suit."); Millbrook v. United States, 8 F.Supp.3d 601, 611 (M.D. Pa. 2014) ("Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. '[E]xhaustion must occur prior to filing suit, not while the suit is pending.'") (citations omitted). McLean did not do so in this case. McLean filed this federal lawsuit seven days after the alleged constitutional violations, and seven days after he filed his grievance. It is apparent that McClean did not even attempt to comply with the exhaustion requirement before filing this lawsuit. McLean has not presented any evidence to refute these facts and has not asserted that he exhausted the administrative grievance relating to the claims presently pending before the court. (See Doc. 24).

Under certain circumstances, administrative remedies may not be effectively available to an inmate, preventing a timely pursuit of the prison grievance process. See, e.g., Camp, 219 F.3d at 281; Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016) (holding that prison officials rendered plaintiff's administrative remedies unavailable when they failed to timely respond to his grievance and ignored his follow-up requests for a decision). The record simply does not support a finding that the administrative process was unavailable to McLean. To the contrary, it establishes that McLean had ready access to the administrative remedy process. It is quite clear that McLean failed to exhaust administrative

6

remedies before initiating the instant action.  Moreover, McLean has not demonstrated that his failure to fully pursue such administrative relief should be excused.

The undisputed evidence establishes that McClean did not fully exhaust the available administrative remedies prior to initiating this action and bypassed the administrative review system by filing this action within days of his alleged constitutional mistreatment.  Thus, McLean's claims are barred on administrative exhaustion grounds, and defendants are entitled to summary judgment.

## IV.     Conclusion

The court will grant defendants' motion (Doc. 16) and enter summary judgment in their favor.  An appropriate order shall issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:         January 23, 2020